## Stillwell Exr. vs. Bertrand.

It is no defence on the part of a security in a bond, that at the time of its execution, the principal was a feme covert.

The proper mode of replying limitations to a plea of set-off is to refer the accrual of the cause of action upon the set-off to the time of the commencement of suit in that case, not to the time of filing the plea of set-off—the rights of the parties must be decided as they existed at the commencement of the suit.

*Error to Pulaski Circuit Court.*

Hon. JOHN J. CLENDENIN, Circuit Judge.

STILLWELL & WOODRUFF, for plaintiff.

Bertrand had no cause of action against Fowler until he recovered a valid judgment against Mrs. Baker, the principal. The judgment against Mrs. Baker was void. 3 *Gray* 411, 412; 12 *Sm. & Marsh.* 67; 3 *Mon.* 267; 18 *Ark.* 63; 3 *Yerger* 396.

The proper mode of pleading the statute of limitations to a set-off is to refer the accrual of the cause of action thereon to the commencement of the suit. 16 *Ark.* 196.

BERTRAND, contra.

A judgment rendered by a court of competent jurisdiction cannot be assailed in a collateral proceeding. 6 *Eng.* 519; 13 *Ark.* 507; 14 *Ib.* 526.

On the 18th of February, 1851, Bertrand sued out of the office of the clerk of the Pulaski circuit court a writ of attachment against Mary E. B. Viser, which was executed on the same day by the sheriff's attaching three slaves, as Mrs. Viser's property. Upon the 20th of the same month, Mrs. Viser, by the name of Mary E. B. Baker, with Luther Chase and Absalom Fowler as her securities, to release the slaves so attached, and to regain their possession, tendered to the sheriff of Pulaski county her bond for five hundred dollars, conditioned according to the law contained in *sec.* 13, *Ch.* 17, *of English's Dig.*, which was accepted by the sheriff, and the bond was returned with the writ of attachment, the attached property was restored to Mrs. Viser, and in place thereof the bond was substituted as a security to Bertrand. Bertrand's suit was prosecuted against Mrs. Viser till the 9th of January, 1856, when he obtained judgment for five hundred and seventeen, 50-100 dollars, and for all costs expended in the suit. The judgment remaining unpaid, and the bond unsatisfied, Bertrand, upon the 22d of April, 1856,

brought his action of debt against Fowler upon the bond, and upon the 13th of November, 1858, obtained judgment against Fowler for six hundred and fifty-seven, 89-100 dollars, and for costs, to which judgment Fowler in his life time brought error.

Fowler defended the suit by filing two pleas in bar, a plea of set-off, and that Mrs. Baker, the principal in the bond, was, at the time of its execution, a married woman.

The second plea was rightly quashed on demurrer; for whether the bond could, or could not, have been enforced against Mrs. Baker, it was a valid and legal cause of action against Fowler, as one of her securities, upon judgment being rendered in the case in which the bond was given, upon its non-payment, and the bond remaining undischarged. And though the judgment may have been erroneous against Mrs. Baker, and reversible for error, it was not subject to impeachment in the indirect way proposed by the plea.

To the plea of set-off, Bertrand replied *nil debet*, to which Fowler rejoined, and because this issue was thus made, and the jury were sworn only to find the truth of the breaches, Fowler's executor contends that there is such error as must reverse the judgment. But the other replication of Bertrand to the plea of set-off met the whole case made by the set-off, and as Fowler rested upon his demurrer to that replication, there is nothing in the case to overcome the presumption that Fowler did not introduce any testimony to support his set-off, upon the issue made upon Bertrand's plea of *nil debet* thereto. For upon the face of the particulars of the set-off, it was subject to the plea of limitations, by which it was necessarily cut off, unless for the benefit of some exception to the statute. No such exception was pleaded, whence it must be inferred that Fowler was precluded from adducing any evidence that could have sustained his set-off, upon the issue mentioned. *Stillwell vs. Badgett*, decided at the present term, and previous cases of this court therein cited. It is then immaterial how the jury were sworn, so far as a consideration of their oath would involve its extent in connection with this issue.

It has been inferred from the foregoing, that the second replication of Bertrand to the set-off was that of the statute of limitations. But it pleaded that no cause of action accrued to Fowler upon his set-off within three years before the filing of the plea, for which Fowler demurred to it, assigning the replication to be bad, because it did not refer the non-accrual of a cause of action upon the set-off to three years before the commencement of the suit. The demurrer was overruled, Fowler rested upon his demurrer; and the action of the court upon the demurrer is the only other cause of error insisted upon by Fowler's executor.

The demurrer should have been sustained. The precedents give the form of the plea in accordance with the demurrer, do not support the replication—3 *Ch. Pl.* 1159–1161, (11*th Am. Ed.*) 2 *Humphrey's Precedents* 902–903· And see also *Gale vs. Copern* 1 *Ad. and Ellis* 105; *Hinckley vs. Waters* 8 *Watts* 264; *Ang. on Lim. Ch.* 9 *sec.* 8.

In 2 *Saund. Pl. & Ev.* 886, is the following sentence: " If the plaintiff rely upon the statute of limitations as a bar to the plea of set-off, he should reply specially that the causes of action did not accrue within six years next before the commencement of the suit," and upon the next page may be read thus : " If both the demands of the plaintiff and defendant accrued more than six years before the time of pleading, and the plaintiff issued process to prevent the statute of limitations affecting his demand, it will equally prevent the statute from barring the defendant's set-off, although the other issued no process ; " *Evans vs. Prosser*, 3 *Term Rep.* 188, decides the very point under consideration. 1 *Tidd's Pr.* 664; 1 *Ch. Plg.* 572, (11*th Am. Ed.*)

A set-off is the beginning of a cross action by the defendant, but when once sued, a defendant is not obliged to sue upon his demand against the plaintiff; he may rest upon it until the time comes to set it off against the plaintiff's cause of action, and without its being subject to any other defence, than it would have been at the commencement of the suit, provided that it

has not been paid between that time and the time when the plea is filed. The rights of the parties must be decided upon as they were at the time of the commencement of the suit.

For the error of the court in overruling the demurrer to the limitation pleaded to the set-off, the judgment must be reversed.