ALEXANDER TURNBULL, Respondent, v. FRANCIS WATKINS, Appellant.

### May 16, 1876.

1. T. accepted bills of exchange in W.'s favor, for which W., by a contemporaneous written agreement, promised to advance a certain sum to T., through the latter's agent. W. advanced only part of the money promised; but T., being induced to believe that all had been advanced to his agent, caused the bills to be paid in full. *Held*, in a suit by T. for the balance not advanced by W., and for damages, that although fraud was charged against W. in collecting the whole amount of the bills, yet the action was based on the written contract, and was, therefore, not barred by the statutory limitation of five years.

2. No assignment from an agent is necessary to enable the principal to sue upon a contract made for his benefit by the agent.

3. Where the parties, in a settlement, have agreed upon the value in United States currency of a certain sum in foreign money, no further evidence is necessary to enable the jury to make a like estimate, in readjusting the settlement to the rights of the parties, and in ascertaining what amount was overpaid.

4. When the statute of limitations is pleaded against a set-off or counterclaim, the time must be computed from the commencement of the suit, and not from the filing of the answer.

5. A jury cannot properly allow interest from a date prior to that from which the party claims it in his pleading.

APPEAL from St. Louis Circuit Court.

*Reversed and judgment.*

*Hitchcock, Lubke & Player,* for appellant, cited: Wag. Stat. 918, sec. 10, p. 1013, sec. 3; Bush *v.* Baldry, 11 Allen, 369; Hixon *v.* Hixon, 7 Humph. 33; Ord *v.* Ruspine, 2 Esp. 569; Walker *v.* Clemens, 9 Eng. Law & Eq. 332; Gordon *v.* Bruner, 49 Mo. 570; Ackley *v.* Staehlin, 54 Mo. 558; Wag. Stat. 1015, 1016, 1273, secs. 12, 13, 1.

*Cline, Jamison & Day,* for respondent, cited: Whittlesey's Pr. 26, 27.

LEWIS, J., delivered the opinion of the court.

The petition sets forth, in effect, that Tal. P. Shaffner drew on plaintiff three bills of exchange, all dated at London, England, on February 22, 1864; one at four months, for

£600, one at eight months, for £625, and one at twelve months, for £650 ; that all were duly accepted by plaintiff, and were indorsed and delivered by Shaffner to the defendant ; that the entire transaction was for plaintiff's benefit, as a means of raising money to be advanced by defendant, and was negotiated and perfected through Shaffner as plaintiff's agent ; that defendant at the time executed and delivered to Shaffner a receipt and agreement, in writing, which, after describing the bills of exchange, etc., proceeded thus :

" The understanding being that I am to use the second to repay the first, and the third to repay the second, making the whole indebtedness in the transaction by the bills the sum of £650, the last note or bill, which is secured by mortgage on certain real property in the city of St. Louis, State of Missouri ; and on this latter bill I this day advance the sum of two hundred pounds sterling (£200), and the remainder of the proceeds of the first bill, as per bank discount, is to be paid the said Shaffner on the return of information from St. Louis that the said mortgage is correct and *bona fide*, as therein stated.                    F. Watkins."

The petition further states that, although the defendant " received and accepted such mortgage as being correct and *bona fide*, yet, aside from another sum of £100 paid to said Shaffner on June 21, 1864, making £300 in all, the defendant has never paid anything more, either to this plaintiff or said Shaffner, on account of said bills of exchange ;" that, after the maturity of the said last bill, the plaintiff, being in entire ignorance of the fact that only part of the required advance had been paid to Shaffner by defendant, and being importuned for payment of the bill by defendant, who well knew of plaintiff's said ignorance, and who falsely and fraudulently represented that the whole amount of the bill was due to him, directed C. C. Whittelsey, his agent in St. Louis, to sell certain real estate of plaintiff's and pay off said bill ; that Whittelsey thereupon sold said real estate at a great sacrifice, and, on October 3, 1865, paid to the

defendant, from the proceeds, the sum of $4,710.05, which appeared to be then due on the bill, including interest and the existing premium on gold; that said sum was in fact $2,173.86 more, for the reasons already stated, than the defendant was entitled to receive; that defendant, through all the transactions, knew that Shaffner was plaintiff's agent merely, and had no ownership or other interest in said bills of exchange or their proceeds; that the knowledge of defendant's deceitful practices, etc., first came to the knowledge of plaintiff within five years prior to the institution of this suit. Judgment is prayed for the said sum of $2,173.86, with interest from October 3, 1865.

The answer, after general denials, alleges that defendant purchased the bills from Shaffner, who represented himself as their holder, for value, and advanced to him thereon various sums, amounting to £420; that the mortgage mentioned in the receipt was found to be worthless, and that defendant was compelled to expend divers large sums of money in and about the procuring of a proper conveyance, relieving the property of prior incumbrances, and other charges which should have been borne by plaintiff, amounting to the sum of $2,543.05. An itemized account of these expenditures is filed with the answer, and is presented as a counter-claim, upon which defendant prays judgment against the plaintiff for the said sum of $2,543.05. The statutory limitation of five years is also specially pleaded against the plaintiff's claim.

Plaintiff's reply denies the new matter set up in the answer, and pleads the statutory limitation of five years against the counter-claim. The suit was commenced on March 14, 1873. Defendant's answer was filed February, 9, 1874.

The testimony on either side tended generally to sustain the allegations of the parties respectively, involving, of course, many conflicting statements. Mr. Whittelsey testified that, as plaintiff's agent, he sold the real estate in St. Louis, and defendant was the purchaser at a reduced price;

that the bill of exchange for £650 was taken for its face value in part payment of the purchase money, by plaintiff's direction; that Whittelsey and defendant together computed the value of the bill in United States currency, gold being then at 144 premium, and agreed in fixing it at $4,710.05, for which sum, accordingly, a credit was allowed in defendant's favor, and the bill was handed over to Whittelsey. The verdict was in plaintiff's favor for $1,252.64, and against the defendant's counter-claim.

On plaintiff's application, the court instructed as follows:

"If the jury believe from the evidence in this case that, in the making of the contract sued on by the plaintiff, the said Shaffner was acting as the agent of the plaintiff, and that defendant has failed to pay the amount agreed to be paid by said agreement, and that the said Watkins has received and acted upon the bill of exchange referred to as being valid and *bona fide*, then you are instructed that the plaintiff is entitled to recover the difference between the amount which he has actually paid thereon, with interest on such difference, from the date of said agreement to the present time, at the rate of six per cent. per annum.

"The jury are instructed that, if you believe from the evidence in the case that the right of action in behalf of the defendant against the plaintiff, for the claims and demands set up and alleged in defendant's counter-claim, accrued to the defendant more than five years prior to February 9, 1874, then the defendant is not entitled to recover on said counter-claim, and you must so find."

Defendant asked for the following instruction, which the court refused:

"If, from the evidence in this case, the jury believe that plaintiff, more than five years before the commencement of this suit, March 14, 1873, knew what advances defendant Watkins had made to and for plaintiff upon the bill of exchange for £625, mentioned in the petition in this case, then plaintiff cannot recover."

These instructions, given and refused, present the grounds upon which defendant claims a reversal of the judgment.

It is argued that the petition presented a case, not for breach of contract, but for an alleged fraud; that therefore the limitation of five years attached to the demand, so that the plaintiff's instructions were improper, and the defendant's ought to have been given. It is true that the petition alleges fraud, and attempts, apparently, to evade the five-years limitation by declaring that plaintiff first discovered the fraud within five years prior to the commencement of the suit. But the basis of the action is manifestly the written contract framed with the receipt given to Shaffner. But for that, there would be no right of recovery at all. Plaintiff's taking up of the bill, through Whittelsey, would have been treated as a voluntary payment, excluding any claim for redress. But, with the written contract, this feature becomes an item of damages for the breach thereof. It performs no other office here, though attended with an alleged deceit practiced by the defendant. The court, therefore, did not err in refusing to apply to the claim sued on the statutory limitation of five years.

Defendant's counsel seem to assume that an assignment from Shaffner was necessary before plaintiff could sue upon the contract. This was not necessary to the plaintiff's case. If Shaffner acted as plaintiff's agent, in making the contract, his principal was entitled to enforce it for his own benefit. The instruction given properly recognized the necessity that such agency appear in the proofs.

Defendant further objects that there was no evidence to show the value, in United States currency, of the pounds sterling mentioned in the contract. An act of Congress, passed in 1857, would appear to have abolished the standards of value for foreign coinage in private contracts. But the testimony of Mr. Whittelsey was sufficient to supply any want in that relation here. As agent for plaintiff he agreed with the defendant upon an estimate of the amount in currency, including the premium on gold, which would

satisfy the bill of exchange for £650. This was legitimate evidence, at least, tending to establish the amount which was overpaid by plaintiff, or the elements from which this might easily be computed by the jury.

The rule is well settled, both in England and in America, that a set-off or counter-claim, if not barred by limitation at the commencement of the suit, will be good, although it would otherwise be barred when first pleaded. *Crook* v. *McGreal*, 3 Tex. 487; *Stilwell* v. *Bertrand*, 22 Ark. 375; *Walker* v. *Clements*, 9 Eng. Law & Eq. 332. The second instruction given for plaintiff was therefore wrong in requiring the defendant to show that his counter-claim accrued within five years prior to the filing of his answer, instead of five years prior to the institution of the suit. But the defendant's account against plaintiff contained only three items which bore date within five years before the commencement of the suit. The instruction, therefore, by his own showing, deprived him of no right except as to these three items, whose aggregate amount was $319.44. All other items of the counter-claim were, according to the defendant's answer and his own testimony, barred by limitation when the plaintiff's petition was filed.

Another mistake was committed in directing the jury to allow interest in plaintiff's favor from the date of the agreement, or February 22, 1864. The petition claimed interest only from October 3, 1865. The court could not properly authorize a verdict for more than the plaintiff demanded.

These errors of amount should hardly subject the parties to the expense and harassments of another trial. The principal sum which would yield, at 6 per cent. interest from the date of the agreement, the sum of $1,252.64, as found by the jury, at the date of their verdict—April 15, 1874—is $778.53. Interest on this principal sum for one year, seven months, and eleven days, the time erroneously included, amounts to $75.37. This, added to $319.44 of defendant's counter-claim not barred by limitation, will make $394.81, which sum fairly represents the total of

errors in computation against defendant, under the instructions given.

The judgment will be reversed, and judgment will be rendered here in favor of the respondent for the sum which will remain after deducting from the amount of his judgment below the above-mentioned sum of $394.81, with interest at 6 per cent. on such remainder, from the date of the verdict. Leave is given the respondent to move, within ten days after the delivery of this opinion, for a setting aside of the final judgment here rendered, and a remanding of the cause for another trial. All the judges concur.