LOUIS WAGNER, Respondent, *v.* JOHN F. W. DETTE *et al.*, Appellants.

May 16, 1876.

1. A covenant in a building contract, that the builder is to keep the building free from mechanics' liens, and so deliver it to the owner when completed, is not broken by the creation of such a lien, if it be directly due to the default of the owner, and if, when he is compelled to discharge it, he is indebted to the builder, on account of the contract, in a sum greater than that necessary to pay off the lien.

2. In an action by the owner against the builder, for breach of covenant to keep the building free from liens, the defendant is entitled to prove, in

reduction of damages, the amount due to him on the contract, from the plaintiff, at the time when the latter paid off the liens complained of, and at the commencement of the suit.

3. The plaintiff in a suit on a penal bond cannot recover more in damages than the loss actually suffered. No loss or damage accrues to him from compelled payments, when such payments operate to discharge, *pro tanto,* other liabilities assumed by him in the same contract.

4. It is not essential to the defense of either set-off or recoupment that the defendant ask for an affirmative judgment against the plaintiff.

APPEAL from St Louis Circuit Court.

*Reversed and remanded.*

*Eber Peacock,* for appellants, cited : Gordon *v.* Bruner, 49 Mo. 570 ; Wag. Stat. 911, sec. 20 ; Deaffin *v.* Bonville, 8 Mo. 395 ; Gautner *v.* Kemper *et al.,* 58 Mo. 570 ; Benny *v.* Rhodes, 18 Mo. 147 ; 9 Wheat. 737 ; 1 Story's Eq. 459.

*Dryden & Dryden,* for respondent, cited : Wag. Stat. 911, sec. 20.

LEWIS, J., delivered the opinion of the court.

This is an action on a penal bond in the sum of $5,070, conditioned for fulfillment of the terms of a building contract. The contract is set out in the petition, showing that defendant Dette agreed to build a house for plaintiff, according to plans and specifications referred to, with stipulations, among others, that the house was " to be completed and delivered to the plaintiff on or before the 15th day of May, 1871, and that the said building should be free, and should be kept free, from all liens, claims, or incumbrances whatever, for, or on account of, the erection of the same." Two breaches were assigned : the first alleging a failure to conform to the plans and specifications, and the second charging that the defendant had permitted the enforcement of a mechanic's lien in favor of one Rogge, upon which plaintiff was compelled to pay $346.10, and also of another, in favor of Wright & Breckenridge, upon which plaintiff was compelled to pay $651.44. The petition prayed judgment " for said 5,070 dollars debt, and for 1,500 dollars damages."

The answer admitted the contract and bond, but denied

the alleged breaches. It denied that "said plaintiff duly performed all the conditions of. said contract or of said · writing obligatory on his part to be performed." It denied that defendant Dette had failed to keep the building free from liens, as charged; admitted that plaintiff had paid to Rogge and to Wright & Breckenridge the sums stated, but charged that this was due to plaintiff's own default, and denied that plaintiff suffered any damage thereby. As to the Rogge lien, the answer alleged that it arose on account of extra brick furnished outside of the contract; that "said Dette fully paid said Rogge at once for all sums of money that he was liable to pay under said contract, leaving only the extra brick unpaid; and said Wagner, failing and refusing either to pay said Dette *what was due him under said contract*, or said Rogge for said extra brick, said Rogge instituted suit against said building on a mechanic's lien, and said plaintiff paid, as defendants believe, the amount, and has received credit therefor, and for all amounts paid in anywise upon said building." (It may be proper to remark that, where the word "plaintiff" last occurs, the word "Rogge" appears in the transcript, by a manifest clerical error.)

The answer further avers "that, when said building was nearly finished, said plaintiff told said Dette to give orders to all material men for such amounts as they might be entitled to when their work was completed, and that he would accept and pay such orders, which would then constitute credits against said Dette's account with said Wagner; that, in accordance therewith, he gave orders to certain material men when their claims became due, and, among the rest, to the firm of Wright & Breckenridge, which order said Wagner *duly accepted*, and paid thereupon the sum of $300 on account thereof, whereupon said Dette duly credited said Wagner with the amount of said accepted order in his bill against him, and said Wright & Breckenridge duly receipted to him, said Dette, for the amount of the same;

that, believing that said orders would be paid, he delivered the possession of said building, when completed, to said Wagner, who duly accepted the same, and who has so held the same ever since; that thereafter said plaintiff *failed and refused to pay said order* so accepted by him as aforesaid, whereupon said Wright & Breckenridge instituted a suit, by mechanic's lien, against the said premises, and the said plaintiff paid the amount of the recovery therein, which is the amount stated in plaintiff's petition.

" These defendants state that there are no liens or incumbrances of any kind now existing, or due or unpaid, created by any act of said Dette under said contract, against said building; that the amount of eight hundred and ninety-five 69-100 dollars is now due him on account of work done and performed by him on said building for said plaintiff, and which plaintiff refuses to pay; wherefore they ask to be discharged with their costs."

Plaintiff's reply put in issue the new matters set up in the answer. The verdict was in defendants' favor, upon the first breach assigned in the petition, and hence we need not notice the points saved relating to that. The bill of exceptions informs us that, on the trial, "the defendants offered to prove that at the time that plaintiff paid the respective sums—the mechanics' liens, to Rogge and to Wright & Breckenridge—there was then due and owing to said defendant, by plaintiff, on account of the contract mentioned in the petition, more than enough to cover the said two amounts so paid, and, further, to prove that there was money in his (plaintiff's) hands, owing to defendant Dette, on account of said contract, more than sufficient to discharge the amounts so paid by him; which being objected to by the plaintiff, such objection was sustained by the court, to which the defendant excepted at the time."

Carrying out the theory upon which, apparently, this testimony was excluded, the court instructed the jury for the plaintiff as follows:

" The court instructs the jury that, in making their verdict in this case, they are not authorized to consider the question whether Wagner has or has not paid to Dette the contract price for the building of the house, nor the question whether or not Dette did extra work in building the house mentioned in the pleadings.

" The court further instructs the jury that it is admitted, by the pleadings in this cause, that the defendant Dette suffered Louis Rogge and Messrs. Wright & Breckenridge, respectively, to fasten material-men liens upon the building mentioned in the pleadings, for materials furnished in and about the construction of said building—Rogge for the sum of 346 dollars and 10 cents, and Wright & Breckenridge for the sum of 651 dollars and 44 cents. And it is further admitted by said pleadings that said lienors respectively recovered judgment in this court for the enforcement of their respective liens against the defendant Dette, as contractor, and this plaintiff, as owner, of said building.

" And the court further instructs the jury that the suffering of said liens and the recovering of said judgments was, and is, a breach of the condition of the bond sued on. And the jury are further instructed that, if they believe from the evidence in the cause that the plaintiff, prior to the institution of this suit, paid and satisfied said liens, they should find for the plaintiff on the second breach assigned, and assess his damages therefor ; and that the measure of the plaintiff's damage, in that case for said second breach, is the amount paid by him in discharge of said liens, and interest on the sums paid, computed at the rate of six per cent. per annum, from the time or times of payment until the present time."

Defendants asked for several instructions which the court refused to give. Among them was the following :

" The court instructs the jury that, as this action is based upon the breach of a bond for faithful performance of a contract for building, given by defendant to plaintiff, and

for damages sustained by plaintiff by reason of such alleged breach, that the burden is on plaintiff to show affirmatively, not only that he paid the amounts of the liens read in evidence, but that, by reason of such enforced payments, he was damaged, and the extent thereof. And if the jury believe from the evidence that said plaintiff has received a full consideration for the money so paid, in the way of work and labor, and materials used, in erecting a building for him by defendant Dette, and that said sums so paid were not in excess of what was owing by him to said Dette, and that he has not paid in excess of the cost of the work and labor, and materials furnished and used, in the house so built for him, then the court instructs the jury that the plaintiff has sustained no damage for which he can recover in this action on said second assignment of breach of the bond sued on.''

It would thus appear that, in the opinion of the Circuit Court, the plaintiff, as the case stood, was entitled to recover for a technical breach of the bond sued on, though no injury to him resulted therefrom; and that the measure of his recovery would be the sums which he had paid, even though he justly owed every dollar of them, and their payment necessarily went to the diminution or extinguishment of his indebtedness. Such a proposition should be supported by some rule of positive law, direct, unequivocal, and absolute, whose authority will override every suggestion of common justice and fairness among men.

Plaintiff's counsel justify the exclusion of the testimony on the ground that it was " not pertinent to any issue in the cause.'' We think that the passages above quoted from the answer, upon each of which a distinct issue was taken in plaintiff's reply, furnish a sufficient refutation of this assumption. These specific statements of fact were perhaps objectionable, or rather unnecessary, as presenting the evidence which was to prove the conclusions whereon defendants relied. But they undoubtedly presented the conclusions also, to wit: that, as to the Rogge lien, when

that suit was instituted, plaintiff was refusing "to pay said Dette what was due him under said contract;" that plaintiff had received a credit for the sum paid, and yet was still indebted to Dette on the contract. As to the Wright & Breckenridge lien, plaintiff's acceptance of Dette's order was an acknowledgment of indebtedness existing. His refusal to pay the acceptance kept the indebtedness alive up to the moment when he paid off the lien. Such was the effect of the allegations in the answer, each of which was controverted by the plaintiff. If the defendants had proved them true, they would have done precisely what they offered, but were denied the privilege of doing. It cannot be said that the answer tendered these issues with the distinctness or the perspicuity which should be held essential to good pleading. But, no objection having been taken to any matter of form, we cannot ignore what is manifestly present, because we may deem it to have been unskillfully set before us.

Plaintiff's counsel insist that defendants cannot avail themselves of the fact of indebtedness by plaintiff to defendant Dette, under any circumstances, because it is not pleaded as a set-off. We do not perceive either the fact assumed or the logical result which counsel would infer. It seems to be supposed that, without a prayer for affirmative judgment in defendant's favor, there cannot be a defense of set-off. But no such rule exists. Suppose that A sues B upon a promissory note for $1,000. B admits the execution of the note and the sufficiency of the consideration, but, averring that he holds a note executed in his favor by A for $500, asks that this sum be applied in reduction of the amount which A would otherwise recover. Is this defense any less a set-off, because B cannot ask for a judgment against A upon the $500 note?

But let us suppose that, for some technical reason, the counter-indebtedness here pleaded cannot be called a set-off. Is there no other name or description under which it

may be established in the proofs? As a *recoupment* it would seem to fit the strictest definition of that term, as formerly used, and as still understood in some of the States. In this form the defense admits the plaintiff's right of action, but alleges that he also has committed breaches of the same contract, to defendant's injury, and that these should be considered to reduce the amount of plaintiff's recovery. The defendant will thus get no benefit of any excess in his favor, but must suffer judgment, though it may be for only a nominal sum. Such was once the limited office of recoupment, though latterly its sphere is much enlarged. In the present case the defendants admit the breaches, with reference to the mechanics' liens, but allege the plaintiff's failure to perform his part of the contract as a reason why his damages should be reduced.

The manifest object of the stipulation concerning mechanics' liens was to secure the plaintiff and his property against liability for work or materials after he had once paid the contractor for everything done or furnished about the building. If liens should arise, compelling further payments to third parties, after he had finally settled with the builder, surely the plaintiff's loss would be greater than it would be if he might deduct the amount of such payments from a balance still due and unsettled. Yet the Circuit Court refused to recognize any difference between the two cases. Here was a striking departure from the rule by which a plaintiff, whatever may be his abstract right of recovery, can yet recover only so much money as will indemnify his losses or restore his rights. It is clear that, upon every principle by which courts assume to administer justice between contending parties, the defendants were entitled to prove that the amount of damages actually sustained by the plaintiff was not truly represented by the sum which he had paid in discharge of the liens.

The exclusion of defendants' testimony, and the action of the court upon the instructions given and refused, were

concurrent illustrations of the same inadmissible principles, as inducing both. For the errors thus appearing the judgment must be reversed and the cause remanded. All the judges concur.