C. F. LIEBKE, Appellant, .v. WILLIAM THOMAS, Respondent.

### St. Louis Court of Appeals, December 21, 1886.

1. LIMITATIONS—NON-SUIT—SET-OFF. — The statutory provision (sect. 3239), that a plaintiff who has been non-suited may bring a new suit within one year thereafter, has no application to a defendant who has pleaded set-off, and is thrown out of court by the dismissal of the main action.

2. ———— The pleading of a set-off arrests the statute of limitations for the purposes of that suit, but, when it fails by the dismissal of the main action, and is subsequently sued on, it can not be claimed that the statute did not run during its pendency as a set-off in the former action.

APPEAL from the St. Louis Circuit Court, SHEPARD BARCLAY, Judge.

*Affirmed.*

G. M. STEWART, for the appellant: " A set-off is a cross-action." " A set-off is not a defence to an action. It is the defendant's action against the plaintiff." *Whitaker v. Pope*, 48 Ga. 15 ; *Lewis v. Denton*, 13 Iowa, 441, 442 ; *Cunan v. Cunan*, 40 Ind. 473 ; *Kelly v. Gantt*, 1 Gilm. (Ill.) 649. A counter-claim or a set-off (when it may be barred by the statute of limitations), if not

barred at the commencement of the action in which it is pleaded, does not become so afterward, during the pendency of that action. *Walker v. Clements*, 15 Q. B. (N. S.) 1046; *Stillwell v. Bertrand*, 22 Ark. 375; *Brumble v. Brown*, 71 N. C. 513; *Eve v. Louis*, 91 Ind. 457. The dismissal of the suit by Thomas (this respondent) in which these claims were pleaded as set-offs, operated in legal effect as a non-suit suffered by the defendants there and plaintiffs here. *Nordmanser v. Hitchcock*, 10 Mo. 182; *Martin v. McLean*, 48 Mo. 361; *Gallagher v. Thomas*, 2 Brewster, 531; *Stillwell v. Bertrand*, 22 Ark. 375; *Cary v. Bancroft*, 14 Pick. 315; *Gilmore v. Reed*, 76 Pen. 482.

ALEX. YOUNG, for the respondent.

THOMPSON, J., delivered the opinion of the court.

The sole question which arises upon this record is whether the several causes of action stated in the plaintiff's petition, are barred by the statute of limitations. And, first, do they come within the saving provisions of section 3239, Revised Statutes? This section, so far as material to the present controversy, reads as follows: "If any action shall have been commenced within the times respectively prescribed in this chapter, and the plaintiff therein suffer a non-suit, or, after a verdict for him, the judgment be arrested, or, after a judgment for him, the same be reversed on appeal or error, such plaintiff may commence a new action from time to time, within one year after such non-suit suffered or such judgment arrested or reversed." The fact relied on to bring the case within this saving provision is that, in a former suit prosecuted by the present defendant against the present plaintiff, these causes of action were pleaded by the present plaintiff in his answer by way of set-off, and that such former suit was finally dismissed for want of prosecution, whereby the matters pleaded by way of set-off, went out of court; and, further, that

the present action was brought within one year from the time when the former action was so dismissed. If the pleading of a cause of action by way of set-off, suspends the running of the statute of limitations while the matter is thus depending in court, under the operation of this saving provision, then it is admitted that the statute has not barred the present action; otherwise it has, unless saved by another principle hereafter discussed.

The case is clearly not within the statute. The pleading by a defendant, in his answer, of an independent demand against a plaintiff can not aptly be said to be the commencement of an "action;" nor does the defendant, by reason of so pleading such a demand, acquire the designation of "plaintiff," nor is it in strict conformity with the right use of terms to say that when the plaintiff's action is dismissed,- the defendant who has pleaded a set-off, suffers a "non-suit." A defendant who has a cause of action against a plaintiff, capable of being pleaded by way of set-off in a suit against him, is at liberty either to so plead it, or to make it the ground of an independent action against such plaintiff, or both. If he pleads it, his answer setting it up can not be regarded in the full sense as a prosecution of a cause of action against the plaintiff, because if the plaintiff dismisses his suit, or abandons it, the defendant can not take judgment against the plaintiff upon his matter of set-off. This was ruled in *Nordmanser v. Hitchcock* (40 Mo. 178, 182).

In Massachusetts the question has been decided in favor of the view now taken by the plaintiff's counsel. The pleading of a set-off has been regarded as the commencement of an action, in such sense as to arrest the running of the statute of limitations while the matter of set-off depends in court. *Hunt v. Spalding*, 18 Pick. 521. But the Massachusetts decision is based upon a statute differing in language from ours, and it seems that in that state the pleading of a set-off has all the

properties of a cross-action, inasmuch as the plaintiff can not, by dismissing his own suit, prevent the defendant from taking judgment upon his plea of set-off. In such a state of the law, the pleading of matter of set-off might well be regarded as the bringing of a cross-action, so as to make the defendant a plaintiff, even within the meaning of such a statute as ours. But where, as under our code of procedure, matter of set-off is merely defensive matter when set up in an answer, which can not be considered at all unless the plaintiff prosecutes his action, it seems impossible to ascribe such a meaning to the words of the statute as will embrace such a case. Without reference to what has been held in other jurisdictions, we have to determine, upon a consideration of the language which has been used by the legislature, what the legislature really meant; and the language above quoted from the statute does not contain the slightest intimation that the legislature meant that the statute should be suspended during the pendency of an answer pleading the particular demand by way of set-off.

A second question is whether the pleading by way of set-off in the former action of the demand sued on in the present action, suspended the running of the statute of limitations in respect of them, *for all purposes*, during the time while they were so depending in the former action. After the best consideration which we have been able to give to the question, we have come to the conclusion that it does not. We concede that the pleading of these demands by way of set-off in the former action, suspended the running of the statute of limitations against them *in respect of that action*, from the date when it was brought. Wood Lim., secs. 281, 282, and cases cited; *Turnbull v. Watkins*, 2 Mo. App. 235. But, in view of the rule in this state that the pleading of a set-off is not the bringing of a cross-action, but the mere setting up of defensive matter, something which is to go in abatement of the plaintiff's

demand, so that the defendant is not required in his answer setting it up to ask for an affirmative judgment in his favor thereon ( *Wagner v. Dette*, 2 Mo. App. 254), we do not understand upon what principle the fact of so pleading it can be held to suspend the statute of limitations for all purposes while it so depends in court. It is true that it may be argued, on the one hand, that a party who has so pleaded matter of set-off, ought not to have it destroyed by the mere voluntary act of his antagonist in dismissing his suit; but an answer to this is that it is not necessary that it should remain in a position where such a consequence may follow. He can dismiss his set-off at any time, and make the subject of it the ground of an independent action against the plaintiff, provided he do so explicitly and before there has been an adjudication upon its merits in the case in which it is pleaded as a set-off. *Muirhead v. Kirkpatrick*, 5 Watts & S. 506 ; s. c., 2 Pa. St. 425 ; *Gilmore v. Reed*, 76 Pa. St. 464. Nor does the fact that he has made it the subject of an independent action prevent him from pleading it by way of set-off. *Filbert v. Hawk*, 8 Watts, 443; *Stroh v. Urich*, 1 Watts & S. 57. *Gilmore v. Reed, supra ; Knibbs v. Hall*, Peak N. P. 210 ; *Evans v. Prosser*, 3 T. R. 186. The converse rule would seem equally to hold good. The fact that he may have pleaded the demand by way of set-off ought not to prevent him from maintaining an independent action upon it. So to do would not be to vex his antagonist with two actions upon the same cause at the same time, and would not present a case within the rule which enables a defendant to plead the pendency of one action in abatement of the prosecution of another; since the pleading of the matter of set-off is not the bringing of an action at all, but merely the setting up of defensive matter in abatement of the plaintiff's demand. The statute of limitation punishes laches in one who has a cause of action against another, by withholding from him any legal remedy thereon after the lapse of a pre-

scribed length of time; and we do not see why, in such a case as the one we are considering, the holder of such a cause of action is not as much guilty of laches in failing to bring an action to enforce it as in any other case.

The judgment will be affirmed. It is so ordered. All the judges concur.