## MARK A. HEATH *vs.* LOUIS J. DOYLE.

Both under Pub. Stat. R. I. cap. 212, § 14, of set-off, and at common law a plaintiff setting up the statute of limitations as a bar to a plea of set-off must reply specially that the defendant's causes of action did not accrue within six years next before the commencement of the suit. Hence a replication stating that the defendant's cause of action did not accrue within six years next before the pleading thereof is bad on demurrer.

A replication of set-off to a plea of set-off is bad, being a departure in pleading. The claims of the replication should be in the declaration.

To a plea of set-off the plaintiff replied an agreement for submission to arbitration of the claims in the plea of set-off and the making and delivery to the parties of the arbitrators' award.

*Held,* that the replication was bad because not showing the nature and amount of the award. Besides, if the award was for the plaintiff he could sue on it only; if for the defendant the plaintiff could not sue at all.

To a plea of set-off the plaintiff replied that as to the claims in set-off, before the above mentioned submission to arbitration, the plaintiff and defendant accounted to and with each other as to all matters, causes of action or items of set-off in said plea set forth in full satisfaction.

*Held,* that the replication was bad. If of accord and satisfaction, it should aver giving and receiving something in satisfaction. If of stated account, it should aver the account to be just and in writing showing the balance as agreed on and a promise to pay such balance.

ASSUMPSIT. Heard by the Court, jury trial being waived.

*April* 26, 1893. MATTESON, C. J. The first matter for consideration is the plaintiff's motion to strike out the defendant's plea of the statute of limitations. The plea was filed

by leave of the court, on motion of the defendant, after the parties had been duly heard. It would be a gross injustice to permit the plaintiff to put in evidence causes of action which accrued to him against the defendant more than six years prior to the bringing of the suit and at the same time limit the defendant to the proof, under his plea in set-off, of his causes of action against the plaintiff which accrued to him during that period. The plaintiff, by his seventh replication to the defendant's third plea, being the second plea in set-off, having set up the statute of limitations in bar to the causes of action set forth in the plea, the defendant ought also to be permitted to plead the statute of limitations to the causes of action sued for by the plaintiff. We see no reason for granting the motion.

We are of the opinion that the replications to the second plea in set-off, numbered second, third, fourth and fifth, are demurrable.

The second replication is that the plaintiff ought not to be barred from maintaining his action because the supposed debts or causes of action in the plea mentioned did not, nor did either of them, accrue to the defendant within "six years next before the pleading thereof." In support of his demurrer, the defendant contends that the replication is bad, because the declaration and plea cover the same period of time, and, hence, the replication should be, "that the causes of action did not accrue to the defendant at any time within six years next before the commencement of the suit." We think the defendant's contention is correct. Pub. Stat. R. I. cap. 212, § 14, provides that if any defendant shall have a demand on the plaintiff for any sum liquidated, or for one which may be ascertained by calculation and which is founded on a judgment, or on an account, or any contract, whether express or implied and whether with, or without, a seal, and *which existed at the time of the commencement of the action,* and then belonged to the defendant in his own right and for which he might maintain an action in his own name, he may set off the same in any action founded on any demand which could itself be set off. This statute, it will be observed, ex-

pressly confers on a defendant the right to set off claims of
the characters specified which existed at the time of the com-
mencement of the action.    But apart from this statutory pro-
vision, the defendant's contention is amply supported by au-
thority at common law.    In 2 Saund. Plead. & Evid. 886,
887, quoted in *Stillwell, Executor,* v. *Bertrand,* 22 Ark. 375,
378, it is said, " If the plaintiff rely upon the statute of limita-
tions as a bar to the plea of set-off, he should reply specially
that the causes of action did not accrue within six years next
before the commencement of the suit. . . . . . . If both the
demands of the plaintiff and defendant accrued more than
six years before the time of pleading and the plaintiff issue
process to prevent the statute of limitations affecting his de-
mand, it will equally prevent the statute from barring the
defendant's set-off, although the other issue no process."
*Ord* v. *Ruspini,* 2 Esp. 569, was an action of *assumpsit* on
a bill of exchange accepted by the defendant.    The defendant
pleaded a set-off which consisted of bills of exchange and
promissory notes of the plaintiff and which the defendant had
taken up or paid on his account.    It was objected that, though
the plaintiff's demand against the defendant had accrued very
far back, yet, in fact, he had kept it alive by having sued out
process within the six years and continued it; but that, as
the defendant had not done so, his demand against the plain-
tiff must be held barred by the statute and so was not such
a demand as could be set off.    Lord Kenyon said that as the
transactions between the plaintiff and defendant were all of
the same date, and as the bills seemed to have been given for
their mutual accommodation, it would be the highest in-
justice to allow one to have operation by law and not the
other.    He held the demand of the defendant to be good as
well as that of the plaintiff and permitted it to be set off.
And see, also, *Evans* v. *Prosser,* 3 Term Rep. 186, 188;
*Walker* v. *Clements,* 15 Q. B. 1046, 1050;    also in 69
Eng. Common Law, 1046, 1050; *Braithwaite* v. *Coleman,* 4
Nev. & M. 654; *Patrick* v. *Petty,* 83 Ala. 420, 423; *Eve* v.
*Louis,* 91 Ind. 457, 469, 470; *Brumble* v. *Brown, Executor,*
71 N. Car. 513, 516; *Haughton & Booth* v. *Leary,* 3 Dev. &

Bat. 21; *Dunn* v. *Bell*, 85 Tenn. 581, 583, 593; *Railroad* v. *Parks*, 86 Tenn. 554, 565; *Trimyer* v. *Pollard*. 5 Gratt. 460; *Crook & Adriance* v. *M'Greal*, 3 Tex. 487, 489, 490; Waterman on Set-off, 114, § 101; 13 Amer. & Eng. Encyc. Law, 767. The only case opposed to these authorities which has come to our notice is that cited by plaintiff's counsel, *M'Clure* v. *M'Clure*, 1 Grant's Cas. Pa. 222. This case holds that the defendant's action commences from the entry of his plea of set-off and that the statute of limitations is to be computed from that date. No authorities are referred to in the opinion in support of that position, and the chief justice seems to have differed from the rest of the court on this point.

The third replication is of a set-off of claims of the plaintiff against the defendant for work and labor, skill, care and diligence, done, performed and bestowed, in and about the defendant's business, for goods, wares and merchandise sold and delivered to the defendant; for money loaned and advanced to the defendant and interest thereon; and for money due and owing to the plaintiff from the defendant for divers promissory notes and checks and for interest thereon. The demurrer to this replication is based on the ground that it is not a reply to the matters pleaded, but sets up claims which can properly be set up only in the declaration. We think the demurrer is well founded. If the plaintiff has claims, as alleged, he should set them forth in his declaration, and not in a replication to a plea; since they are no answer to the plea, being neither a traverse of the claims pleaded, nor a confession and avoidance of them, nor an estoppel of the defendant to insist on them; 1 Chitty on Pleading, 578. The plaintiff must prevail, if at all, on the matters alleged in his declaration. A replication of set-off to a plea of set-off, though it might otherwise be a good answer to the adverse allegations of the plea, is bad, nevertheless, being what is technically known as a departure, because it does not support the declaration, as every subsequent pleading on the part of the plaintiff is required to do by the rules of pleading. Gould on Pleading, cap. 2, §§ 27–30; cap. 8, § 65.

The fourth replication sets up an agreement for the sub-

mission by the plaintiff and defendant, prior to the bringing of the suit, of all the promises and undertakings mentioned in the declaration and all the promises and undertakings and causes of action, &c., in a plea in set-off contained, except the last item thereof, to arbitration, and that the arbitrators made their award in writing and made known and delivered it to the parties. This replication is defective, in that it does not disclose the nature or amount of the award, nor in whose favor it was made. Moreover, if the submission embraced the causes of action sued for, as the replication alleges, if the award was in favor of the plaintiff, how can he sue except on the award? And if the award was in favor of the defendant, how can he sue at all?

The fifth application avers that after the accruing of the causes of action, cross action or set-off in the plea set forth, and before the submission to arbitration referred to in the previous replication, the plaintiff and defendant accounted to and with each other as to all matters, causes of action or items of set-off, in said plea in set-off set forth, in full satisfaction and discharge thereof. If this was intended as a replication of an accord and satisfaction, it is defective because it does not aver the giving and acceptance of anything in satisfaction of the causes of action, &c., specified in the plea. If it was intended merely as a replication of a stated account, it should aver that the account as stated was just and true. *Case 24*, 3 Atk. 70. It should also set forth that the account was in writing, and what was the balance of account. *Burk v. Brown*, 2 Atk. 399; and also that the balance was agreed on by the parties and a promise to pay such balance. 3 Chitty on Pleading, 926.

The sixth replication sets up that the defendant became a bankrupt within the intent and meaning of the statutes of the United States, then in force, and made an assignment in bankruptcy for the benefit of his creditors under the provisions of said statutes; that the causes of action in the plea in set-off mentioned accrued to the defendant before he became bankrupt. This replication has been traversed by the defendant and issue has been joined thereon.

The seventh clause of the agreement under which the case was submitted provides that the summoning of the clerk of the United States district or circuit courts, in support of the sixth replication be waived, and that his certificate as to the papers or records there on file be admitted as competent evidence as to the bankruptcy of the defendant, so far as supported by the said replication. Under this agreement, a certified copy of the voluntary petition in bankruptcy of the defendant, with the accompanying schedules, addressed to the judge of the district court of the United States for the district of Rhode Island, has been filed; but there is no copy of any adjudication by the court on said petition, nor any copy of an assignment by the register in bankruptcy, or by the defendant as alleged in the replication. The allegations of the replication are, therefore, not supported by the evidence. In view of the fact, however, that the petition in bankruptcy was filed December 29, 1868, and of the further fact that the seventh replication to the plea is of the statute of limitations which bars all claims pleaded in set-off of an earlier date than March 6, 1870, the matter of bankruptcy is immaterial.

As the testimony is the same as that given on the former trial, we see no reason to change the amount then found for the plaintiff, to wit, $3183.14, to which interest is to be added to the present time.

We are of the opinion that on the evidence submitted the defendant is entitled to recover on the award set up in his second plea, being his first plea in set-off, and also on the several causes of action set forth in his third plea, being his second plea in set-off, which accrued within six years next before the beginning of the action, to wit, since March 6, 1870, with interest thereon from the time the same severally became due to the present time.

*Amasa M. Eaton*, for plaintiff.
*Irving Champlin*, for defendant.