**NORTHWEST RADIATION ONCOLO-GY, a Partnership, Plaintiff-Respondent,**

v.

**Ralph GOODSTAL, Defendant-Appellant.**

No. 51951.

Missouri Court of Appeals, Eastern District, Division One.

Aug. 4, 1987.

Motion for Rehearing and/or Transfer Denied Sept. 2, 1987.

Mary Ann Weems, Clayton, for defendant-appellant.

Lawrence R. Smith, Clayton, for plaintiff-respondent.

KELLY, Judge.

Ralph Goodstal appeals from the judgment of the trial court sustaining the motion for summary judgment filed by respondent Northwest Radiation Oncology to dismiss appellant's counterclaim against respondent for medical malpractice. The trial court designated its ruling as a final order for purposes of appeal. The judgment is affirmed.

The sole issue is whether a counterclaim not barred by the applicable statute of limitations at the commencement of the original action in which the counterclaim is subsequently pleaded becomes barred during the pendency of that action when raised after the statute of limitations has run.

Respondent filed its petition on account against appellant on July 7, 1983, for an unpaid medical bill for treatment it rendered appellant in 1982. On September 14, 1983, appellant filed his answer in the form of a general denial without requesting any setoff on the basis of deficient medical services. On January 24, 1986, appellant filed his first amended answer and counterclaim. The first amended answer mirrored his original answer. The newly added counterclaim alleged medical malpractice by respondent by its use of excessive radiation therapy in the treatment of appellant's cancer in 1982. Respondent filed a motion for summary judgment on the counterclaim because the counterclaim was not brought within two years of the negligence alleged as required by section 516.105 RSMo 1986, the statute of limitations applicable to health care providers, such as respondent,

charged with medical malpractice.[1] The trial court sustained respondent's motion for summary judgment and designated it final for purposes of appeal on June 16, 1986. The cause was later assigned for trial. When the court called the cause for trial on July 21, 1986, respondent took a voluntary nonsuit, and the court dismissed the action without prejudice, prompting this appeal.

■ Summary judgments are authorized only when 1) there is no issue of any material fact, and 2) the party requesting judgment is entitled to it as a matter of law. *Schneeberger v. Hoette Concrete Constr. Co.*, 680 S.W.2d 301, 303 (Mo.App.1984); *Bishop v. United Missouri Bank of Carthage*, 647 S.W.2d 625, 626[1] (Mo.App. 1983). While our review of the record is made in the light most favorable to the nonprevailing party, *Bishop*, 647 S.W.2d at 626[2], our review of the allegation of trial court error is limited to determining whether the trial court's judgment is supported by substantial evidence, is not against the weight of the evidence, and is a correct declaration or application of law. *Id.* at 628[3].

In applying this standard of review, the parties do not dispute that no material facts are at issue. Both sides acknowledge that the that the two year statute of limitations provided for in section 516.105 had not run when respondent commenced its action against appellant, but had run when appellant filed his counterclaim. The only issue is whether the trial court correctly declared that section 516.105, the two year statute of limitations for medical malpractice actions, applied to the counterclaim.

Appellant's sole point states the trial court erred in dismissing his counterclaim because it existed as a valid claim at the time respondent had commenced its action and, further, the statute of limitations on the counterclaim was tolled by the filing of respondent's contract action. The statute of limitations for a medical malpractice claim against health care providers is two years. Section 516.105. Section 516.105 provides in part:

*All actions* against physicians, hospitals, dentists, registered or licensed practical nurses, optometrists, podiatrists, pharmacists, chiropractors, professional physical therapists, and any other entity providing health care services and all employees of any of the foregoing acting in the course and scope of their employment, for damages for medical malpractice, negligence, error or mistake relating to health care shall be brought within two years from the date of the occurrence of the act of neglect complained of ... (emphasis ours)

Appellant contends this statute is tolled under the provisions of section 516.370. This section, captioned "Limitation not to apply to setoffs, when", provides as follows:

When a defendant in action has interposed an answer, as a defense, setoff or counterclaim, upon which he would be entitled to reply in such action, the remedy upon which, at the time of the commencement of such action, was not barred by law, and such complaint is dismissed, or the action is discontinued, the time which intervened between the commencement and the termination of such action shall not be deemed a part of the time limited for the commencement of an action by the defendant, to recover for the cause of action so interposed as a defense, setoff or counterclaim.

Appellant relies, in addition to section 516.370 upon *Turnbull v. Watkins*, 2 Mo. App. 235 (1876) and *Concrete Steel Co. v. Reinforced Concrete Co.*, 72 S.W.2d 118 (Mo.App.1934), to support his position. *Turnbull* held that "[t]he rule is well settled, both in England and in America, that a set-off or counterclaim, if not barred by limitation at the commencement of the suit, will be good, although it would otherwise be barred when first pleaded." 2 Mo.App. at 240.

In *Concrete Steel Co. v. Reinforced Concrete Co.*, 72 S.W.2d 118 (Mo.App. 1934), plaintiff instituted an action for balance on account on December 4, 1924. De-

---

**1.** All statutory references are to RSMo 1986 unless otherwise indicated.

fendant filed its answer on June 22, 1925. Over four years later, defendant filed an amended answer and counterclaim on November 19, 1929. In addressing the issue whether the statute of limitations barred the filing of the counterclaim, this court stated as follows:

> While the question of when a claim interposed as a counterclaim becomes barred by the statute of limitations has been the occasion for a conflict of judicial opinions, the weight of authority is with the view that, where the defendant's claim was an existing debt not barred at the time the plaintiff's action was begun, it will be available as a setoff, although the statutory period may have elapsed before the filing of the answer setting it up....
>
> ....
>
> ... In other words, a legislative intent seems to have been expressed that a counterclaim is available, though the statutory period may have run before the filing of the answer setting it up, if it existed as a valid claim in the defendant's favor at the time of the commencement of the plaintiff's action; and such intent is strongly emphasized by the language of § 889, R.S. 1929 (Mo.St.Ann. § 889, p. 1172) [now § 516.370 RSMo 1986], which provides that, where the defendant in an action has interposed a counterclaim, the remedy upon which was not barred by law at the time of the commencement of the action, and the plaintiff's action is discontinued, the time which intervened between the commencement and the termination of such action shall not be deemed a part of the time limited for the commencement of an action by the defendant to recover for the cause of action so interposed as a counterclaim.

72 S.W.2d at 121–22 (citations ommitted).

We believe appellant's reliance on section 516.370 and the cases of *Turnbull* and *Concrete Steel* to be misplaced.

Section 516.370 is merely a "savings" provision for counterclaims following the termination of a plaintiff's lawsuit. Section 516.370 provides when a plaintiff's action is discontinued, a counterclaim filed by the defendant is not barred by the statute of limitations when brought anew by the defendant as an original action if the counterclaim was not barred by the applicable statute of limitations at the time the plaintiff commenced its action.

Strictly speaking, section 516.370 has no application to the case before us. It surfaces in *Concrete Steel* only to buttress the conclusion that the legislature, which intended by its enactment of section 516.370 to save counterclaims, also intended that a counterclaim be saved, despite an otherwise applicable statute of limitations, if not barred when the original action was commenced. *See Concrete Steel,* 72 S.W.2d at 121–22. While we do not believe section 516.370 irreconcilably conflicts with section 516.105 as respondent has suggested, that determination need not be reached by us here.[2]

This appeal originates from an order granting summary judgment in favor of respondent on appellant's counterclaim prior to any determination on the merits of respondent's action against appellant. This is not an appeal from an order by a trial court holding that a statute of limitations bars a defendant, after refiling its original counterclaim as a new action against the original plaintiff following the dismissal or discontinuance of the plaintiff's original action against defendant, from maintaining the new action. Thus the procedural posture of this case renders section 516.370 inapplicable here.

■ It has been said, as a general rule, that a setoff, counterclaim, cross action, or recoupment against which limitations have not run at the time of the institution of the original action is not barred although at the time of the filing thereof limitations have run. 54 C.J.S. "Limitations of Actions" § 285 (1948). While the weight of authori-

---

**2.** In addition to the suggestion that these two statutes are in conflict, respondent challenges the constitutionality of section 516.370, a matter properly resolved by our supreme court, not by us. Our finding that section 516.370 has no application makes unnecessary any decision to transfer on this basis.

ty supports this rule, *id.,* we are aware that jurisdictions that have addressed the issue are divided. *See Annot.,* 72 A.L.R.3d 1065, 1067–68 (1976); *Annot.,* 1 A.L.R.2d 630, 634 (1948); 51 Am.Jur.2d "Limitation of Actions", §§ 78, 203 (1970). However, Missouri's position clearly follows the majority rule. *See Concrete Steel,* 72 S.W.2d at 121.

■ The critical distinction overlooked by appellant is that where the counterclaim is a defense or a setoff, *i.e.* a recoupment, the statute of limitations is no bar to the counterclaim. *Accord Sisters of St. Mary v. Dennigmann,* 730 S.W.2d 589 (Mo.App. E.D.1987). Where the counterclaim seeks affirmative relief by asserting what is essentially a new cause of action, as the medical malpractice action is here, the statute of limitations properly bars the counterclaim.

■ With the exception of what might be considered to be purely defensive pleading such as a setoff or recoupment, a counterclaim alleging medical malpractice, although arising out of the same occurrence and although not barred at the commencement of the plaintiff's action, should be barred if the counterclaim for relief or damages is filed at a time when it would have been barred as an original action.

Under this distinction, *Concrete Steel* is of no avail to appellant. The counterclaim in *Concrete Steel* alleged a plea of payment in full and a claim of additional credits on the account sued on by plaintiff. 72 S.W.2d at 120–21. The counterclaim in *Concrete Steel* was purely defensive and inapposite to the situation before us. Unlike the counterclaim in *Concrete Steel,* appellant's counterclaim here seeks affirmative relief, not merely a setoff in damages. Many other jurisdictions also observe this differentiation. *See Annot.,* 72 A.L.R.3d at 1072–73.

The judgment is affirmed.

SATZ, P.J., and CRIST, J., concur.